IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEE TOMMIE AMERSON                                                                    PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:18-cv-535-DPJ-FKB

SHERIFF BILLY SOLLIE,
MAJOR MELISSA MCCARTER,
CAPT. ROSEMARY GARY,
SGT. DAVID HAMPTON, SGT.
LATOYA BENNETT, and
CORDARIUS COLEMAN                                                                  DEFENDANTS

**ORDER**

This case is before the Court on the Motion for Summary Judgment [93] filed by Defendants Billy Sollie, Melissa McCarter, and Latoya Bennett and the Motion for Summary Judgment [117] filed by Defendant Cordarius Coleman. Plaintiff filed a response [102] and affidavit [103] opposing the first summary judgment motion [93] and filed no response to Coleman's motion [117]. Having considered the matter, the Court finds that Defendants' summary judgment motions [93], [117] should be granted. The Court, *sua sponte*, also finds that Defendants Rosemary Gary[1] and David Hampton should be dismissed, and outstanding motions [119], [120][2] are moot.

**I.      Factual Background**

Plaintiff Lee Tommie Amerson is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the incidents giving rise to

---

[1] Despite two attempts, Defendant Gary was never served with process. *See* [37], [100]. However, "[t]he Fifth Circuit has explained that where a defending party established that a plaintiff has no cause of action, this defense generally inures also to the benefit of a non-answering defendant." *Hunter v. Harris*, Civil Action No. 1:09-cv-195-HSO-JMR, 2010 WL 3713444, at *23 (S.D. Miss. Aug. 5, 2010) (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir.2001)).
[2] Motion [119] is a supplemental motion filed by Defendant Hampton to extend the dispositive motion deadline and [120] is Hampton's proposed dispositive motion. In light of the Court's ruling herein that Plaintiff has raised no legally viable claim against Hampton, both motions are moot.

1

this action, Amerson was a pretrial detainee at the Lauderdale County Detention Facility ("LCDF") in Meridian, Mississippi. He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). Amerson claims Defendants violated his Fourteenth Amendment[3] right to be free of punishment and has brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from four episodic incidents as well as alleged ongoing conditions of confinement.

The first incident allegedly occurred on or about February 16, 2017, and is the only incident involving Defendant David Hampton. [1] at 6; [93-1] at 11-12. Plaintiff claims Hampton verbally threatened him for writing grievances and pulled out a pocket knife. *Id.* at 6. Plaintiff testified that Hampton did not stab him, and that he was in no way injured by Hampton. [93-1] at 11-12, 16-17.

The next incident occurred on or about September 9, 2017, when Plaintiff was assaulted by another inmate, Montrell Croft. [1] at 7. According to Plaintiff, his earlier request for transfer was granted on the day of the incident, and he was told to move into Croft's cell while Croft was away at court. [93-1] at 20-23. Plaintiff reports that after court, Croft told nearby officers that he was going to beat Plaintiff, and he assaulted Plaintiff as soon as the cell door was shut; the officers then "pull[ed] [Croft] off [him]" and "rush[ed] [him] to medical." *Id.* While Plaintiff has agreed that the officers "rescued [him] from Croft," he is suing Defendant Latoya Bennett for failure to protect him. *Id.* at 12-13, 17-18. He contends that Bennett knew he and Croft were enemies prior to the altercation but purposefully moved him to Croft's cell in retaliation for filing grievances. *Id.* and [1] at 7.

---

[3] *See Eason v. Frye*, 972 F. Supp. 2d 935, 941 (S.D. Miss. 2013) ("Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, rather than by the Cruel and Unusual Punishment Clause of the Eighth Amendment.").

Plaintiff's claims against Defendant Cordarius Coleman concern two alleged occurrences. Plaintiff pleads that on or about August 4, 2018, Coleman called him derogatory names for writing grievances. [1] at 4; [93-1] at 7-8.  Plaintiff maintains that a couple of days later, when the inmates were returning from yard call, Coleman told Plaintiff not to cross a red line on the ground or he would be sprayed with mace. [1] at 4.  Plaintiff testified that he put his foot on the red line "just to see what [Coleman] would do," and Coleman sprayed him with mace. [93-1] at 8, 16.

Plaintiff is suing Defendants Melissa McCarter, Rosemary Gary, and Sheriff Billie Sollie for not responding to any of his grievances—he believes he has collectively written them over one hundred grievances. *Id.* at 14, 25-26; [8] at 1.  He claims that he wrote Sollie grievances about unconstitutional living conditions, including naked wires hanging from the doors and ceiling, rusted cells, and leaking windows. [8] at 1.  He contends that he wrote complaints to McCarter and Gary about molded food trays and also contends that they did not properly investigate the knife incident involving Defendant Hampton. *Id.* at 1-2.

Defendants Sollie, McCarter, Bennett, and Coleman filed for summary judgment on multiple grounds.  In addition to considering their dispositive motions [93], [117], the Court under 28 U.S.C. § 1915(e)(2) has reviewed Plaintiff's claims against all Defendants to determine whether they are viable.  Title 28 U.S.C. § 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III. Analysis

### A. Exhaustion

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies prior to filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit

4

> takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County*, Miss., 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). . . . Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16CV82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec. 16, 2016) (emphasis added). "Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure *before* filing his complaint." *Id*. (emphasis added) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)).

Defendants Sollie, McCarter, Bennett, and Coleman have proffered an affidavit from the Jail Administrator providing that "[t]he final step in the grievance procedure at the LCDF is the appeal process which is explained on page 12 of the Inmate Handbook," and that "during the entire time that Mr. Amerson was detained in the LCDF, he never appealed any of his grievances." [93-5] at 5. A copy of pages 11 and 12 from the handbook are attached to the affidavit, and under the "Appeal Process" heading, it reads that "[a]n inmate who is not satisfied with the results of the grievance investigation may appeal in writing on a second grievance form, writing in bold letters on the top of the second grievance form 'Appeal.'" *Id*. at 9. Although Plaintiff has generally alleged that he exhausted the administrative remedies at LCDF, Plaintiff has not countered the exhaustion arguments with any sworn statement providing details of when or to whom he submitted an appeal.[4]

Therefore, the Court finds that Defendants Sollie, McCarter, Bennett, and Coleman's motions [93], [117] for summary judgment should be granted, and Plaintiff's claims should be

---

[4] Plaintiff has provided the Court with copies of numerous grievances, but no appeals. *See* [41], [47], [48].

5

dismissed due to failure to exhaust administrative remedies prior to filing suit. The Court further finds that whereas "the same exhaustion law applies to all defendants, the case should also be dismissed as to them." *Quick v. Hodge*, Civil Action No. 2:16CV167-KS-MTP, 2018 WL 842197, at *4 (S.D. Miss. Jan. 22, 2018),[5] report and recommendation adopted, Civil Action No. 2:16-CV-167-KS-MTP, 2018 WL 834943 (S.D. Miss. Feb. 12, 2018).

### B. Additional Grounds for Dismissal of Claims

In addition to failing to exhaust administrative remedies, there are additional grounds for dismissal on the merits of Plaintiff's claims against Sollie, McCarter, Gary, Hampton, and Coleman. Specifically, the substance of Plaintiff's claims against them do not constitute a violation of his constitutional rights.

Defendants Sollie, McCarter, and Gary should be dismissed from this action since Plaintiff sued them for alleged failure to respond to his grievances.

> Plaintiff has no constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir.2005); *see also Lijadu v. I.N.S.*, 2007 WL 837285, at * 3 (W.D.La. Feb. 21, 2007) ("[D]etainees 'do not have a constitutionally protected right to a grievance procedure'—much less one that complies with their own personal preferences.").

*Guillory v. Hodge*, Civil Action No. 2:14-cv-156-MTP, 2015 WL 1968636, at *1 (S.D. Miss. Apr. 30, 2015). Further, his alleged grievances to these Defendants regarding moldy trays and exposed wires were raised and addressed in a separate lawsuit before this Court and are hereby dismissed with prejudice from this case as frivolous. *See* [84] at 4, 13-15 in *Amerson v. Sollie*, Civil Action

---

[5] *Citing Jennings v. GEO Grp., Inc.*, Civil Action No. 3:13-cv-938-LRA, 2014 WL 1794687, at *2 (S.D. Miss. May 6, 2014); *Williams v. Shaw*, Civil Action No. 5:14-cv-52-DCB-JCG, 2015 WL 13236938, at *4 (S.D. Miss. Dec. 18, 2015), report and recommendation adopted, Civil Action No. 5:14-cv-52-DCB-JCG, 2016 WL 1060840 (S.D. Miss. Mar. 17, 2016).

No. 3:18-cv-468-RPM (S.D. Miss. March 31, 2021); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Moving to Defendant Hampton, Plaintiff's allegations do not rise to the level of a constitutional violation as Hampton's actions amount to verbal threats and a gesture with a pocket knife that resulted in no harm to Plaintiff. "[A]s a rule, 'mere threatening language and gestures of a custodial office do not, even if true, amount to constitutional violations.'" *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quoting *Coyle v. Hughes*, 436 F.Supp. 591, 593 (W.D. Okl. 1977)). Moreover, under the PLRA, Plaintiff "may not recover for emotional or mental damages without a showing of a specific physical injury." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *see also* 42 U.S.C. § 1997e(e). Thus, even taking as true Plaintiff's sworn account of Hampton's actions, no constitutional violation occurred, and Plaintiff's claims against Hampton are due for dismissal.

Similarly, Plaintiff's contention that Defendant Coleman violated the constitution by calling him an offensive name is meritless. "[A]llegations of verbal abuse do not present actionable claims under § 1983." *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Coleman's use of pepper spray also falls short of a constitutional offense. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). "To establish a claim for use of excessive force under the Fourteenth Amendment, a pretrial detainee must show that officers 'purposely or knowingly used ... objectively unreasonable' force against him." *Cry v. Dilliard*, Civil Action No. 3:15-cv-318-DPJ-FKB, 2017 WL 2172944, at *3 (S.D. Miss. May 16, 2017) (quoting *Kingsley* at 2473). Plaintiff alleged in his complaint [1] that

Coleman warned Plaintiff not to cross the red line on the ground or he would be sprayed, and Plaintiff testified at the *Spears* hearing that he deliberately placed his foot on the red line to test Coleman's response, and Coleman then sprayed him. [1] at 4; [93-1] at 8, 16.  Having reviewed the relevant evidence on this issue,[6] the Court finds that Coleman's conduct was objectively reasonable and therefore presents no constitutional violation.

### IV.   Conclusion

For the foregoing reasons, the summary judgment motions [93], [117] filed by Defendants Sollie, McCarter, Bennett, and Coleman are hereby granted; the claims against Defendants Gary and Hampton are also dismissed; and Hampton's outstanding motions [119], [120] are adjudged moot.  Plaintiff's conditions of confinement claims against Sollie for rusted cells and leaking windows and his claim against Bennett for failure to protect are dismissed without prejudice, and all other claims are dismissed with prejudice.

SO ORDERED, this the 15th day of September, 2021.

    /s/  F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court also notes that Plaintiff filed no response to the arguments raised in Coleman's summary judgment motion [117].